UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:19CR 01053 JAR |
| ) | |
| NICHOLAS STOPPELMANN, ) | |
| ) | |
| Defendant. ) | |

## **GOVERNMENT'S SENTENCING MEMORANDUM REGARDING RESTITUTION**

Comes now the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and files its' sentencing memorandum on the issue of restitution.  For the reasons set below, the Government requests that the Court order the defendant to pay restitution in the following amounts to the specified victim:

$3,700 to the victim series "8kids"; $3,000 to each of the following victims: "Pia/Sweet White Sugar Series," "Jenny," "Matthew of Honeycomb series," and "Andy of the SpongeB series," for a total of $15,700 in restitution.

The Court should order the defendant to pay restitution because he received and possessed sexual abuse images of the victims and those victims have outstanding losses which are caused by the continuing traffic of those images.  The amount requested by the Government is reasonable in light of the Defendant's conduct and the outstanding restitution.

1

**A.     Procedural Context.**

On June 1, 2021, the defendant pled guilty to the crimes of Distribution of Child Pornography and Possession of Child Pornography. As agreed to in the signed plea agreement, defendant admitted to distributing and possessing images and videos of child pornography. Specifically, the investigation found that the defendant played videos of child pornography to others via an online teleconferencing application. A forensic examine of the defendant's computer devices and a cell phone revealed that he possessed thousands of video and image files of child pornography. The victims depicted in these videos and images were notified and (5) victims within different series of child pornography have requested restitution from the defendant pursuant to Title 18 U.S.C. Section 2259. The government has filed the restitution requests with the Court and provided defendant a copy. Investigation by NCMEC and by the U.S. Attorney's Office shows that the defendant had at least one image from each of the victims that requested restitution.

**B.     Restitution Guidelines**

Under 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory. A defendant must be ordered to pay "the full amount of the victim's losses," which may include "any costs incurred by the victim" for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

>   (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(1), (3) and 2259(c).  A court may not decline to issue a restitution order because of "the economic circumstances of the defendant" or "the fact that a victim has received, or is entitled to receive, compensation for his or her injuries from the proceeds of insurance or any other source."  18 U.S.C. § 2259(b)(4).

It is within their full rights under the law to request restitution from this defendant because of his criminal actions against them.  Restitution to child pornography victims is mandatory. 18 U.S.C. § 2259(a). *Also See United States vs. Paroline*, 134 S.Ct. 1710 (2014). Under the law, all 100 of the known and identified victims of the defendants could have requested restitution from the defendant.  Had the defendant not committed a crime with victims, he would not owe restitution.  The restitution requests are a consequence of his criminal actions. In an attempt to provide guidance to district courts in determining amounts of mandatory restitution, the Supreme Court held that:

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Paroline*, 134 S. Ct. at 1727.

It is undisputed that Defendant Stoppelmann possessed images of victims: "8kids," "Pia/Sweet White Sugar Series," "Jenny," "Matthew of Honeycomb series," and "Andy of the SpongeB series." It is also undisputed that the victims have outstanding losses caused by continuing traffic of their pornographic images. The material submitted by these victims easily

3

established proximate cause. As outlined in detail in their filings, these children suffered profound psychological injury as a result of their images being trafficked online and they require counseling for rest of their lives as a result. The amounts proposed by the government are logical and relevant to the defendant's conduct.  The amounts proposed by the government are neither "too severe" nor "nominal."

New legislation orders the Courts to award at least $3,000 per victim/per case to every child pornography victim that requests restitution.  See "The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018" which amends Title 18 U.S.C. Section 2259(b). The bill was signed into law in December of 2018.  The defendant was charged with possessing images of child pornography from July 1, 2018 until February 21, 2019.  Since the defendant's conduct of possessing these images continued after December of 2018, he is required to pay at least $3000 per victim in restitution.

Further, this case is similar to *United States vs. Beckmann* 786 F.3d 672 (8th Cir. 2015). Like Stoppelmann, Beckmann possessed images of child pornography and did not produce it. The Eighth Circuit Court of Appeals found the District Court's awards of $3,000 to each child pornography victim reasonable and upheld the awards[1]. The *Beckmann* Court cited *Paroline,* "all

---

[1] Footnote 9 in *Beckmann* cites restitution awards in similar cases. "*See, e.g., United States v. Rogers,* 758 F.3d 37, 39 (1st Cir. 2014) (upholding possessor's restitution of $3,150 to victim who appeared in 9 video clips); *United States v. Hagerman,* 586 F. App'x 64, 65 (2d Cir. 2014) (affirming restitution of $3,281 for mere possession); *United States v. Bellah,* No. 13–10169–EFM, 2014 WL 7073287, at *4 (D. Kan. Dec. 12, 2014) (in possession case, awarding $1,500 for victim in 1 image, $1,500 for victim in 3 images, $7,500 for each of five victims within series containing 68 images, and $5,000 for victim in 3 videos and 8 images); *United States v. Reynolds,* No. CRIM. 12–20843, 2014 WL 4187936, at *7 (E.D. Mich. Aug. 22, 2014) (awarding $8,000 for possession of 16 images of victim, and $14,500 for possession of 19

persons who reproduce, distribute, or possess child pornography play a part in 'sustaining and aggravating this tragedy.'" *Beckmann*, 786 F.3d at 682 (internal citation to *Paroline* 134 S. Ct. at 1726).

**Proposed Amounts.**

The proposed amounts by the government are not arbitrary. The proposed amounts are based on prior cases, the new legislation, the number of victims in each Series requesting restitution, the amount of restitution the victims have already received nationally, and the amount of images the defendant had of each victim:

1. $3,700 to the victims in the "8kids" Series – the defendant possessed thirty-four (34) image files of "8kids,"

2. $3,000 to the victim "Jenny" – the defendant possessed one (1) image of "Jenny,"

3. $3,000 to victim "Matthew" of the "Honeycomb" Series – the defendant possessed one (1) image file of "Matthew;"

4. $3,000 to the victim "Pia" of the "Sweet White Sugar" series – the defendant possessed four (4) image files of "Pia/Sweet White Sugar."

5. $3,000 to the victim "Andy" of the "SpongeB" Series – the defendant possessed two (2) videos "Andy/SpongeB,"

---

images of another victim); *United States v. Hernandez,* No. 2:11–CR–00026–GEB, 2014 WL 2930798, at *10 (E.D. Cal. June 26, 2014) (restitution of $2,282.86 ordered for possessor based on 1 video and unidentified number of images); *but see United States v. Cooley,* No. 4:14–CR–3041, 2014 WL 5872720, at *3 (D. Neb. Nov. 12, 2014) (awards of $1,910.46, $69.64, $24.24, $18.30, and $184.14)." *Id.* at 683, footnote 9.

5

The proposed restitution amounts by the government are fair and in accordance with the *Paroline* decision. [2]

### C. Conclusion

In summary, the defendant knowingly possessed thousands of images of child pornography.  These images in the defendant's collection depict horrific child sexual abuse of real children.  The children in these images and videos are all too real. The Government's proposed amount are based on the amount of videos and images he possessed of each victim, the amount of victims requesting restitution, the type of images possessed, and similar recent restitution awards. For the reasons set forth herein, the government recommends the Court order the defendant to pay a total restitution amount of **$15,700.00** in the following amounts:   $3,700 to the "8Kids" Series and then $3,000 to each of the following victims: "Jenny," "Matthew," Pia/Sweet White Sugar Series," and "Andy/SpongeB Series."

Respectfully submitted,

SAYLER FLEMING
United States Attorney

   *s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

---

[2] Some victims, through their legal counsel, have submitted requests for amounts of restitution that are more than what the Government is currently proposing. Those amounts are on file for the Court to also consider and listed here briefly: Andy ($25,000), and Pia ($5000). The Government took their requests into account, but has to follow the guidelines based in the *Paroline* decision and in the new legislation to come to an amount that is fair.  The victims are unaware of how many images or which images defendants possess of them so are often at a loss for some information required to come a reasonable request under *Paroline*.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 27, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

Nanci McCarthy
Attorney for the Defendant

                                            *s/ Colleen C. Lang*
                                            COLLEEN C. LANG, #56872MO
                                            Assistant United States Attorney